IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

|  |  |
|---|---|
| STEAK N SHAKE OPERATIONS, INC., an Indiana corporation, as successor in interest to Steak N Shake, Inc., <br><br> Plaintiff, <br><br> v. <br><br> REGIONS MORGAN KEEGAN TRUST, as Successor Trustee to the Millikin National Bank of Decatur as Trustee under Trust No. 2359, EILEEN ELDRIDGE and REGINA WAKS, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## COMPLAINT

STEAK N SHAKE OPERATIONS, INC., an Indiana corporation, as successor in interest to Steak N Shake, Inc. ("Steak N Shake"), by its undersigned counsel, hereby complains against Defendants, Regions Morgan Keegan Trust, as successor to the Millikin National Bank of Decatur as Trustee under Trust No. 2359, Eileen Eldridge and Regina Waks as follows:

### Parties

1. Steak N Shake is an Indiana corporation having its principal place of business located at 36 South Pennsylvania Street, Indianapolis, Indiana.

2. Regions Morgan Keegan Trust ("Regions") is the Successor to the Millikin National Bank of Decatur as Trustee under Trust dated May 5, 1975 and known as Trust No. 2359 (the "Millikin Trust"). Regions is branch of a

national banking association having its principal place of business located in Montgomery, Alabama.

3. Eileen Eldridge is one of two beneficiaries of the Millikin Trust and is a citizen of the State of Illinois.

4. Regina Waks is one of two beneficiaries of the Millikin Trust and is a citizen of the State of Illinois.

## Jurisdiction and Venue

5. This Court has jurisdiction over the claims asserted in this complaint pursuant to 28 U.S.C. § 1332(a) as the disputes are between citizens of different states and involve in excess of $75,000, exclusive of interest and costs.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(a), as the defendants Eldridge and Waks are residents of this District and because a substantial amount of the events giving rise to the claims occurred in this District.

## Facts

7. Steak N Shake entered into a ground lease dated May 5, 1972 (the "1972 Ground Lease") for the premises located at 3229 North University Street, Peoria, Illinois (the "Premises") with the then owners of the property Martin T. Kamerer and Helen G. Kamerer (the "Kamerers"). The term of the 1972 Ground Lease, including extended terms, expired on May 31, 2002.

8.   Thereafter, Steak N Shake, at its own expense, constructed a restaurant facility on the Premises, and since then has operated one of its restaurants at that location.

9.   In a sale and lease-back financing transaction, Steak N Shake executed an Assignment of the 1972 Ground Lease dated December 11, 1975 in favor of the Millikin Trust.  Steak N Shake also leased the Premises from the Millikin Trust by lease dated December 11, 1975 (the "1975 Lease").  The 1975 Lease, including extended terms, expired on May 31, 2002, contemporaneously with the 1972 Ground Lease.

10.   As a result of these transactions, the Kamerers retained ownership of the Premises in fee, the Millikin Trust owned the leasehold estate and building, and Steak N Shake leased the land and building.

11.   Steak N Shake's assignment of the 1972 Ground Lease to the Millikin Trust conveyed Steak N Shake's leasehold estate to the Millikin Trust, and included the right and authority to lease the Premises to Steak N Shake, execute the 1975 Lease and otherwise comply with the obligations of the landlord under that lease.  With the termination of the 1972 Ground Lease, the Millikin Trust's right and authority to lease the Premises to Steak N Shake and otherwise comply with the obligations of the landlord under that lease terminated.

12.   The 1975 Lease of the premises by the Millikin Trust to Steak N Shake granted Steak N Shake the right to occupy the property through May 31, 2002.

13. In 1998, prior to the expiration of the 1975 Lease, John T. Kamerer, Francis T. Kamerer and Joan Dacey (the "Kamerer Successors"), the successors in interest to the Kamerers, and owners of the Premises in fee, entered into a new lease for the Premises with Steak N Shake dated July 28, 1998 (the "1998 Lease"). The 1998 Lease was scheduled to commence immediately upon the expiration of the 1975 Lease.

14. On May 31, 2002, both the 1972 Ground Lease and the 1975 Lease expired, terminating the Millikin Trust's right to collect rent from Steak N Shake. Immediately thereafter, the 1998 Lease commenced.

15. Thereafter, Steak N Shake continued operating its restaurant business from the premises and paid rent to the Kamerer Successors required by the 1998 Lease.

16. Despite the expiration of the 1975 Lease, for a period of 65 months Steak N Shake inadvertently continued to pay rent to the Millikin Trust. The aggregate rent inadvertently paid to the Millikin Trust totaled $211,222.70.

17. Steak N Shake paid rent by sending checks made payable to Regions as the Successor Trustee of the Millikin Trust. On information and belief, the payments were accepted by the Millikin Trust on behalf of the trust beneficiaries Waks and Eldridge. None of Regions, the Millikin Trust, Waks or Eldridge informed Steak N Shake of its error in continuing to pay rent.

18. After expiration of the 1972 Ground Lease and 1975 Lease, neither the Millikin Trust nor its beneficiaries Eldridge and Waks owned any interest in the Premises, had the right or authority to collect rent from Steak N Shake, nor

did they have the ability to perform the landlord's obligations under the 1975 Lease.

19. Steak N Shake discovered its error in 2007 and has demanded repayment from the Millikin Trust and their representative Randall Waks. Despite such demands, the Millikin Trust has failed and continues in its refusal to refund the overpayment.

## COUNT I
## BREACH OF CONTRACT

1-19. Steak N Shake incorporates by reference paragraphs 1-19, as paragraphs 1-19 of Count I.

20. The 1975 Lease, wherein Steak N Shake leased the land and building from the Millikin Trust, provided at Article I:

> Section 1.01. The Demise. The Landlord hereby leases to Tenant, and Tenant hereby leases from Landlord, subject to the terms and provisions of this lease, the real estate described in Exhibit A, which is attached hereto and hereby made a part hereof, together with any and all buildings and improvements located thereon and all easement, appurtenance, rights and privileges thereunto belonging or in any way appertaining, which property may be referred to hereinafter as the "Demised Premises".

21. Termination of the 1975 Lease terminated the right and authority of the Millikin Trust to lease the Premises and deliver possession to Steak N Shake.

22. The 1975 Lease also provided in part at Article III:

> Section 3.02. PRIME LEASE RENTAL PAYMENT. It is hereby recognized and acknowledged that this is a sublease and that Landlord's interest in the Demised Premises is as a tenant under a certain net Land Lease from Martin T. Kamerer and Helen G. Kamerer, husband and wife, dated May 5, 1972.

23. Termination of the 1975 Lease terminated The Millikin Trust's obligation to pay rent required by the 1972 Ground Lease.

24. The 1975 Lease also provided at Article XIV, <u>Landlord's Covenants</u>:

> Section 14.01. WARRANTY OF TITLE. Landlord warrants that Landlord is the owner of the Demised Premises in fee simple and that the Demised Premises are subject to no mortgages, easements or other restrictions which would in any way impair the anticipated use of same by Tenant.
>
> Section 14.02. COVENANT OF QUIET ENJOYMENT. Landlord warrants that Tenant, upon making the payments and performing the other covenants and agreements of this lease on its part to be performed, shall have peaceful and quiet possession of the Demised Premises during the Demised Term.

25. Termination of the 1975 Lease terminated the Millikin Trust's ability to make any warranty of title or covenant of quiet enjoyment.

26. The 1975 Lease also provided at Article XV:

> Section 15.03. HOLDING OVER. In the event Tenant remains in possession of the Demised Premises with the consent of Landlord after the expiration of the tenancy created hereunder, and without the execution of a new lease or any further extension of this lease, it shall be deemed to be occupying the Demised Premises as a Tenant from month to month at the same rent and subject to all other conditions, provisions and obligations of this lease insofar as the same are applicable to a month to month tenant.

27. Execution of the 1998 Lease precluded Steak N Shake from being a holdover tenant under the 1975 Lease. Termination of the 1975 Lease terminated the right of the Millikin Trust to collect rent from Steak N Shake as a holdover tenant.

28. The Millikin Trust and beneficiaries Waks and Eldridge breached the 1975 Lease by:

    (a)    Failing to lease and deliver possession of the Premises to Steak N Shake after expiration of the 1975 Lease in violation of Section 1.01;

    (b)    Failing to make payments to the Kamerers required by the 1972 Ground Lease and the 1975 Lease after expiration of the 1972 Ground Lease and 1975 Lease in violation of Section 3.02;

    (c)    Failing to own any right, title or interest in the Premises after expiration of the 1972 Ground Lease in violation of the Warranty of Title at Section 14.01;

    (d)    Failing to provide Steak N Shake with peaceful and quiet possession of the Premises in violation of the Covenant of Quiet Enjoyment at Section 14.02; and,

    (e)    Accepting rent from Steak N Shake knowing nothing was due.

29. By reason of the foregoing, Steak N Shake is entitled to return of all rent inadvertently paid to the Millikin Trust in the amount of $211,222.70, plus interest thereon.

**WHEREFORE**, Steak N Shake respectfully demands judgment in its favor against the Millikin Trust and the beneficiaries Waks and Eldridge in the amount of $211,222.70, plus interest and such other and further relief as this Court deems just.

### COUNT II
### CONVERSION

1-29. Steak N Shake incorporates by reference paragraphs 1-29 of Count I as paragraphs 1-29 of Count II.

30. The rent paid in error by Steak N Shake is the rightful property of Steak N Shake, was paid to the Millikin Trust without consideration, and should be immediately returned with interest to Steak N Shake. Neither the

Millikin Trust nor the beneficiaries Waks and Eldridge own any interest in the rent paid in error.

31. Knowing they were entitled to nothing, the Millikin Trust and the beneficiaries Waks and Eldridge have retained the rent paid in error, accepted payments knowing no rent was due, retained the rent paid in error despite having no claim to it, exercised dominion and control over the rent paid in error, and despite demands made by Steak N Shake, refuse to return all or any portion of the rent paid in error.

32. Steak N Shake is entitled to the return of all rent paid in error. The Millikin Trust and its beneficiaries Waks and Eldridge have deprived Steak N Shake of possession and use of the funds used to pay the rent paid in error.

33. By reason of the foregoing, Steak N Shake is entitled to return of all rent inadvertently paid to the Millikin Trust and the beneficiaries Waks and Eldridge in the amount of $211,222.70, plus interest thereon.

**WHEREFORE**, Steak N Shake respectfully demands judgment in its favor against the Millikin Trust and its beneficiaries Waks and Eldridge in the amount of $211,222.70, plus interest and such other and further relief as this Court deems just.

## COUNT III
## UNJUST ENRICHMENT

1-33. Steak N Shake incorporates by reference paragraphs 1-33 of Count I as paragraphs 1-33 of Count III.

34. Knowing they were entitled to nothing, in accepting and retaining rent inadvertently paid the Millikin Trust and its beneficiaries Waks and

Eldridge have been unjustly enriched, and received and retained the benefit of the rent paid in error, all to the detriment of Steak N Shake.

35. In wrongfully accepting and retaining the rent paid in error, the Millikin Trust and its beneficiaries Waks and Eldridge violate the fundamental principals of justice, equity and good conscience.

**WHEREFORE**, Steak N Shake respectfully demands judgment in its favor against the Millikin Trust and the beneficiaries Waks and Eldridge in the amount of $211,222.70, plus interest and such other and further relief as this Court deems just.

Respectfully submitted,

**STEAK N SHAKE OPERATIONS, INC.**

By: _____
One of its Attorneys

Donald W. Devitt
James D. Ellman
Scopelitis, Garvin, Light, Hanson & Feary, PC
30 West Monroe Street, Suite 600
Chicago, IL 60603
Telephone: (312) 255-7200
Facsimile: (312) 422-1224

Renea E. Hooper
Scopelitis, Garvin, Light, Hanson & Feary, PC
10 West Market Street, Suite 1500
Indianapolis, IN 46204
Telephone: (317) 637-1777
Facsimile: (317) 687-2414

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
STEAK N SHAKE OPERATIONS, INC., an Indiana corporation, as successor in interest to Steak N Shake, Inc.,

(b) County of Residence of First Listed Plaintiff: **Marion County, IN**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Donald W. Devitt
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
30 West Monroe Street, #600, Chicago, IL 60603

## DEFENDANTS
REGIONS MORGAN KEEGAN TRUST, as Successor Trustee to the Millikin National Bank of Decatur as Trustee under Trust No. 2359, EILEEN ELRIDGE and REGINA WAKS,

County of Residence of First Listed Defendant: **Macon County, IL**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Suit to recover damages for breach of contract.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 211,222.70
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 9/23/09
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____